UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ENDERSON SEVILLA ARZAGA,

*Petitioner*,

v. Case No. 3:26-cv-2361-JEP-PDB

WARDEN, NORTH FLORIDA
DETENTION FACILITY, et al.,

*Respondents*.
_______________________________/

**ORDER**

Petitioner, a citizen of Venezuela who was paroled into the United States on November 27, 2023, is currently detained by the United States Immigration and Customs Enforcement. (*See* Doc. 1 at 1). Petitioner filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking an order directing Respondents to release him or, alternatively, provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a). (*See generally id.*; *see id.* at 6). Federal Respondents understand Petitioner to be challenging his detention under the Immigration and Nationality Act. (*See generally* Doc. 5).

This Court has addressed claims and arguments similar to those raised in this case and has concluded it is bound by the Eleventh Circuit's decision in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir.

2026).[1] *See, e.g.*, *Rahmani v. Warden, Baker Cnty. Facility*, No. 3:26-CV-1685-JEP-LLL, 2026 WL 2162799 (M.D. Fla. July 28, 2026); *Martinez-Gil v. Warden, N. Fla. Det. Facility*, No. 3:26-CV-1642-JEP-SJH, 2026 WL 2130714 (M.D. Fla. July 24, 2026); *Padilla v. Mullin*, No. 3:26-CV-1572-JEP-MCR, 2026 WL 2103604 (M.D. Fla. July 22, 2026). For the same reasons expressed in this Court's prior cases, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that his mandatory detention without an individualized bond hearing violates the INA.[2] Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8

[1] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

[2] Because the Court grants relief on this claim, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

U.S.C. § 1226(a)[3] or release Petitioner. If Respondents release Petitioner, they shall provide Petitioner with access to a telephone to arrange transportation from the detention facility.

2. The Warden's motion to dismiss (Doc. 4) is **DENIED** for the same reasons stated in *Lanvin-Valdez v. U.S. Immigr. & Customs Enf't*, No. 3:26-CV-180-JEP-SJH, 2026 WL 1004569, at *2–3 (M.D. Fla. Apr. 14, 2026).

3. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on September 29, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
pro se Petitioner
Counsel of Record

[3] Petitioner is not entitled to immediate release. *See Portillo v. Gualtieri*, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting *Molina v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))).